USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __04/23/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COUNTY OF ORANGE,

                Plaintiff,

  -against-

THE CROSSROADS HOTEL, et al.,

                Defendants.

No. 23 Civ. 4213 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge

The County of Orange ("Plaintiff") commenced this action in Supreme Court, Orange County on May 12, 2023, against the Crossroads Hotel, Newburgh EOM, LLC, Ramada by Windham, and Ratan Newburgh, LLC (collectively, "Defendants"). Defendants removed this action to this Court on May 21, 2023. (*See* ECF No. 1.) Presently before the Court is Plaintiff's motion to remand (the "Motion") the instant action to New York State Supreme Court. (ECF No. 26.) For the following reasons, the Court GRANTS the Motion.

## BACKGROUND

### I. Factual Background

The following facts are drawn from the Amended Removal Petition, (ECF No. 20, ("ARP")), which the Court accepts as true for the purposes of the motion. *See Torres v. St. Vincent DePaul Residence*, No. 22-CV-7012, 2023 WL 2754305, at *1 n.1 (S.D.N.Y. Apr. 3, 2023); *Skornick v. Principal Fin. Grp.*, 383 F. Supp. 3d 176, 178 n.1 (S.D.N.Y. 2019). Because the validity of a removal petition involves a jurisdictional inquiry, the Court also draws additional facts where necessary from exhibits attached to the ARP, such as Plaintiff's underlying state court

complaint (ECF No. 20-1). *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Torres*, 2023 WL 2754305, at *1 n.1; *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 353 n.3 (S.D.N.Y. 2010).

Plaintiff filed the underlying action in Supreme Court, Orange County on May 12, 2023, against the Defendants. (ARP ¶ 11.) The underlying action was prompted by the publicly announced plan of Mayor Eric Adams to alleviate overcrowding in New York City's homeless shelter system by sending recently arrived asylum seekers to temporarily reside in public accommodations located in nearby counties through participating hotels such as Defendants. (*Id.* ¶ 8.) Defendants were to offer certain rooms in their hotels to provide temporary public accommodations to a small number of asylum seekers. (*Id.* ¶ 9.)

> The underlying state court complaint alleges that
>
> [o]n or about May 10, 2023, [Orange] County officials were expressly assured by City of New York officials it would be holding off on bussing any homeless [persons] to Orange County for an indeterminate period of time. Despite these assurances, on May 11, 2023, busses showed up at The [Defendant] Crossroads [Hotel], with no notice to the County or its social services infrastructure, and dropped off numerous homeless men to be housed in the City-created, and illegal, temporary homeless shelter.

(ECF No. 1-1 ¶¶ 18-19.) On May 17, 2023, Plaintiff obtained a preliminary injunction against the Defendants, temporarily enjoining Defendants from "[t]ransporting any further migrants and/or asylum seekers to Orange County[]." The injunction allowed the "186 persons already occupying the subject properties" to "remain in occupancy until further Order of this Court." (ARP ¶ 17; ECF No. 20-3.)

## II. Procedural History

Plaintiff filed the underlying action in Supreme Court, Orange County on May 12, 2023. (*See* ECF No. 1-1.) Defendants removed the action to this Court on May 21, 2023. (ECF No. 1.) Plaintiff filed the instant Motion on August 18, 2023, as well as a memorandum of law (ECF No. 27) and a reply (ECF No. 31) in support thereof. Defendants filed a memorandum of law in

opposition to the Motion ("Defs.' Opp.", ECF No. 29).

## LEGAL STANDARDS

28 U.S.C. § 1447(c) requires remand "if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 166 (2d Cir. 2023) (brackets omitted). On a motion to remand, it is the non-moving party (*i.e.*, the party that removed the case) which "bears the burden of demonstrating the propriety of removal." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (citation and internal quotation marks omitted). "Unless that burden is met, the case must be remanded back to state court. At this stage therefore, the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Town of Poughkeepsie v. S. Rd. Hosp. LLC*, No. 23-CV-04214 (PMH), 2024 WL 1156083, at *2 (S.D.N.Y. Mar. 18, 2024) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003)). In determining the propriety of a removal to federal court, courts look to whether the underlying claims "arise under federal law." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 345 (S.D.N.Y. 2005). "It is well-settled that a case may not be removed to federal court on the basis of a federal defense, even the defense of preemption, and even if the defense is anticipated in the complaint and constitutes the only question at issue on removal." *Venturino v. First Unum Life Ins. Co.*, 724 F. Supp. 2d 429, 431 (S.D.N.Y. 2010). Removal jurisdiction, as a general matter, must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

**DISCUSSION**

Here, Defendants assert two grounds for removal: (1) under 28 U.S.C. § 1443(1) as a civil rights case and (2) under 28 U.S.C. § 1441 as a case over which this Court has original jurisdiction because it arises under federal law. (ARP ¶¶ 12; 29.) The Court addresses each ground in turn.

I. **Section 1443(1)**

Section § 1443(1) permits removal from state court of criminal or civil actions against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1); *see also Town of Newburgh, New York v. Newburgh EOM LLC*, No. 23-CV-4212 (CS), 2024 WL 262801, at *3 (S.D.N.Y. Jan. 23, 2024). Removal under this statute must satisfy a two-part test, known as the *Rachel* test. First, a party must demonstrate violation of a "'right under any law providing for…equal civil rights,'…stated in terms of racial equality." *Vill. of Chestnut Ridge v. Town of Ramapo*, No. 07-CV-9278 (KMK), 2008 WL 4525753, at *9 (S.D.N.Y. Sept. 30, 2008) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see also Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (summary order) ("[T]he Supreme Court has held that [section 1443] applies only to removals based on claims of racial discrimination."). "Second, it must appear on the face of the notice that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) [*sic*] State." *Town of Newburgh*, 2024 WL 262801, at *3 (citation omitted). This provision "normally requires that the denial be manifest in a formal expression of state law, unless an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." *Crown Asset Mgmt., LLC v. Cunningham*, No. 22-938, 2022 WL 17660543, at *1 (2d Cir. Dec. 14, 2022) (summary order).

Courts construe removal under Section 1443(1) narrowly because the statute applies only in "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson v. Mississippi*, 421 U.S. 213, 220, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

Here, Defendants fail to satisfy the *Rachel* test for removal under Section 1443(1). Even assuming, arguendo, that the challenges brought by Plaintiff in the underlying state court complaint are racially motivated (prong one), Defendants have not made a sufficient showing that they will be denied or cannot enforce their rights under Title II and Section 1981 in New York state court (prong two). Defendants contend that Plaintiff's "[c]ontinued proceedings [against them] in the courts of New York State constitute a continued denial of Defendants' civil rights." (*See* ARP ¶ 26.) Defendants further point to the injunctive relief obtained by Plaintiff in state court, as "evidence of unlawful punishment for the exercise of rights" conferred by Title II, Section 1981, and the Fourteenth Amendment Equal Protection Clause. (*See* Defs.' Opp. at 13; ARP at ¶¶ 18-22, 25-27.) Not so. Unlike in *Rachel*, where the mere fact of the removing defendants being subject to state prosecution amounted to a denial of rights in the state because there was a federal law prohibiting such prosecutions, there is no federal law prohibiting Plaintiff from bringing a civil suit to enforce zoning and occupancy laws, nor do Defendants have a federal right to evade such laws. *See Emigrant Sav. Bank v. Elan Mgmt. Corp.*, 668 F.2d 671, 676 (2d Cir. 1982 (finding that defendant could not remove a foreclosure action "where the state's foreclosure law is not in conflict with any federal law or the Constitution"); *Vill. of Chestnut Ridge*, 2008 WL 4525753, at *13 ("[Defendant] cannot credibly claim, and does not try to claim, that it has a right, under the [Fair Housing Act] or any federal statute, to ignore facially-neutral state environmental regulations.").

That Plaintiff commenced the state court proceeding, alone, does not present a necessary conflict with federal law akin to the state prosecutions in *Rachel*. *See Town of Newburgh*, 2024 WL 262801, at *6. Defendants' claim that Plaintiff is "pretextually and selectively" enforcing its zoning and occupancy laws does not change this analysis. (Defs' Opp. at 7; ARP at ¶ 25.) Courts in this Circuit have consistently found that "to support removal under § 1443(1), it is not sufficient merely to allege that a law, fair on its face, is being administered in a discriminatory manner." *Rizzitelli v. Thompson*, No. 11-CV-607, 2014 WL 3819212, at *3 (D. Conn. Aug. 4, 2014); *Town of Newburgh*, 2024 WL 262801, at *6; *Wells Fargo Bank, N.A. v. Stephens*, No. 14-CV-1982, 2015 WL 6551782, at *2 (D. Conn. Oct. 29, 2015).

Moreover, nowhere in the ARP do Defendants allege that their federal rights have actually been denied by the state court, or that they cannot enforce those rights in state court. Nor is there any reason to believe that the state court would do so. For example, the state court has no reason to "deny federal rights as a result of following state law," *see Emigrant Sav. Bank*, 668 F.2d at 675, because discrimination "on the basis of race, color, and national origin" (Defs.' Opp. at 21) is equally illegal under federal and New York state law. Therefore, if Plaintiff's actions were, as Defendants allege, "racially motivated," Defendants are "free to make such claims in state court." *Vill. of Chestnut Ridge*, 2008 WL 4525753, at *13. In sum, Defendants provide this Court no reason to believe that they would be unable "to present to a state court [their] claims or defenses arising out of a federal civil rights statute." *See Town of Newburgh*, 2024 WL 262801, at *7 (citation omitted). "[I]n the absence of constitutional or legislative impediments" to raising such issues in state court, Defendants "ha[ve] only an apprehension that such rights will be withheld from [them] when [their] case shall come to trial, (and thus) cannot affirm that they are actually denied, or that [they] cannot enforce them." *Emigrant Sav. Bank*, 668 F.2d at 674. Without a

showing that Defendants' civil "rights will *inevitably* be denied by the very act of bringing the [D]efendant[s] to trial in the state court," removal is not proper under Section 1443(1). *See Town of Poughkeepsie v. S. Rd. Hosp. LLC*, No. 23-CV-04214 (PMH), 2024 WL 1156083, at *4 (S.D.N.Y. Mar. 18, 2024) (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966)) (emphasis added).

II.    **Section 1441**

Alternatively, the Defendants argue for removal under 28 U.S.C. § 1441. An action filed in state court may be properly removed by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L.Ed.2d 34, *reh'g denied*, 140 S. Ct. 17, 204 L.Ed.2d 1172 (2019). "This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* Where, as here, the parties are not diverse,[1] removal is proper only if the case falls within the district court's original federal-question jurisdiction. 28 U.S.C. § 1331; *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8 (1983) ("For this case—as for many cases where there is no diversity of citizenship between the parties—the propriety of removal turns on whether the case falls within the original 'federal[-]question' jurisdiction of the United States district courts."). To determine whether a case "arises under" federal law, courts typically look to the face of the plaintiff's well-pleaded complaint. *See Comm'r of New York City Dep't of Soc. Servs. v. Buckeye Coach LLC*, No. 24-CV-

---

[1] Plaintiff and Defendants are all citizens of New York. (*See* ECF No. 1-1 ¶¶ 1-6.)

326 (VSB), 2024 WL 620649, at *1 (S.D.N.Y. Feb. 14, 2024). "[A] suit seeking recovery under state law is not transformed into a suit arising under federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005). In that same vein, "[a] case may *not* be removed to federal court on the basis of a federal defense." *Id.* (emphasis in original).

The Second Circuit has recognized three exceptions "in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject[-]matter jurisdiction." *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014) (alterations omitted). Those exceptions are: (1) "if Congress expressly provides, by statute, for removal of state[-]law claims"; (2) "if the state[-]law claims are completely preempted by federal law"; and (3) "in certain cases if the vindication of a state[-]law right necessarily turns on a question of federal law." *Id.* In this case, the only plausible basis for federal jurisdiction is the third option, under what is known as the *Grable* exception. Under the *Grable* exception to the well-pleaded complaint rule, *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), where a well-pleaded claim originates under state law, "'arising under jurisdiction' still lies in 'a special and small category of cases' in which the federal issue is: '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 63 (2d Cir. 2023) (quoting *Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013)). If these four requirements are met, "[federal] jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258, 133 S.Ct. 1059 (quoting

*Grable*, 545 U.S. at 313-14, 125 S.Ct. 2363). "If any of those four requirements is not satisfied, the exception does not apply." *Torres*, 2023 WL 2754305, at *3.

Here, Defendants contend that theirs is an "exceptional case" warranting application of the *Grable* exception to the well-pleaded complaint rule. (*See* Defs.' Opp. at 20.) The Court disagrees. Defendants are unable to meet even the first of the four requirements for a *Grable* exception, meaning that they are unable to show that a federal issue is necessarily raised by Plaintiff's complaint. "To determine whether an issue is 'necessarily raised'" under the first prong of the four-part test, the court considers "whether a right or immunity created by the Constitution or laws of the United States is an element, and an essential one, of the plaintiff's cause of action." *Solomon*, 62 F.4th at 64. In other words, "a federal issue is necessarily raised when the very success of the state claim depends on giving effect to a federal requirement and the federal issue is an essential element of the state law claim." *Villella v. Logan*, No. 20-CV-9905, 2021 WL 4060371, at *3 (S.D.N.Y. Sept. 7, 2021). This inquiry "must be unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose…even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit the defense is the only question truly at issue in the case." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). "A mere speculative possibility that a federal question may arise at some point in the proceeding is insufficient to establish jurisdiction in federal court." *Id.*

Plaintiff's claims, as Defendants themselves note, concern the "enforcement of local zoning laws," (*see* Defs.' Opp. at 22), not any "right or immunity created by the Constitution or laws of the United States," *see Solomon*, 62 F.4th at 64. "Such claims could succeed or fail without reaching any federal issues." *Town of Newburgh*, 2024 WL 262801, at *8. That Plaintiff may be selectively enforcing these laws on the basis of race, color and national origin, as Defendants

contend (Defs.' Opp. at 21-22) is, at best, a federal defense to Plaintiff's complaint, and cannot serve as grounds for removal. *See Comm'r of New York City Dep't of Soc. Servs.*, 2024 WL 620649, at *2. Likewise for Defendants' arguments that Plaintiff's alleged selective enforcement of local laws violates Title II, Section 1981, the Contract Clause of the U.S. Constitution, the Equal Protection clause of the Fourteenth Amendment, the Fifth Amendment's Takings Clause, and federal immigration law and policy. (*See* Defs.' Opp. at 22.) "An affirmative defense that implicates federal law—no matter how easily such a defense could be anticipated by a plaintiff—does not, generally, render an action removable pursuant to a district court's federal question jurisdiction." *Comm'r of New York City Dep't of Soc. Servs.*, 2024 WL 620649, at *2 n.3 (citation omitted); *see also In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 398 (S.D.N.Y. 2014) (finding affirmative defense insufficient under *Grable* to confer federal-question jurisdiction). "The federal issue that Defendants have identified, whether Plaintiff's application of facially neutral zoning laws is racially discriminatory, is not a necessary element of Plaintiff's claim." *Town of Poughkeepsie*, 2024 WL 1156083, at *4–5. As a result, the resolution of this case does not require the application of federal law. Because the Defendants fail to satisfy the first requirement of the *Grable* exception, and removal is therefore not proper pursuant to federal "arising under" jurisdiction, the Court need not consider the remaining three factors. *See Town of Newburgh*, 2024 WL 262801, at *8.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 26), and remand this case to the Supreme Court of the State of New York, Orange County.

Dated: April 23, 2024  SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge